UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
CDM SMITH INC.,                             )
                                            )
    Plaintiff,                              )
                                            )
v.                                          )
                                            )    Case No. 1:21-cv-10249
ELANGOVAN THEVAR and NEER                   )
TECHNOLOGIES INC.,                          )
                                            )
    Defendants.                             )
_____)

## JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)

Pursuant to Fed. R. Civ. P. 16 and 26 and Local Rule 16.1, Plaintiff CDM Smith, Inc. ("CDM Smith") and Defendants Elangovan Thevar ("Thevar") and NEER Technologies, Inc. ("NEER") (collectively, "Defendants") state that counsel for the parties conferred on or about November 7, 2022 and submit this joint statement.

    a.  **Joint Discovery and Pretrial Plan**

The parties disagree as to how discovery should proceed. They set forth their respective proposals below.

**CDM Smith's Proposal**

Pursuant to Fed. R. Civ. P. 26(d)(1) and Local Rule 26.2(a) either party may initiate discovery after serving their Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) and conferring as required by Fed. R. Civ. P. 26(f). CDM Smith is willing to stay merits-based discovery with respect to NEER pending the outcome of the Court's determination of personal jurisdiction as to that Defendant. However, because the Court has already ruled that it has jurisdiction over Thevar and in light of the fact that the Complaint in this matter was filed over

1

twenty months ago on February 12, 2021, CDM Smith therefore wishes to commence merits-based discovery as to that Defendant.

CDM Smith proposes the following pre-trial schedule:

| *Event* | *Date* |
|---|---|
| Parties to serve their Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) | On or before date of Scheduling Conference |
| Parties to serve all written discovery requests | March 17, 2023 |
| Deadline for amendment of pleadings and joinder of parties | April 28, 2023 |
| End of fact discovery | July 28, 2023 |
| Deadline for completion of all depositions, except expert depositions | July 28, 2023 |
| Deadline for CDM Smith's Expert Disclosure | September 1, 2023 |
| Deadline for Defendants' Expert Disclosure | October 6, 2023 |
| Deadline for completion of expert discovery, including depositions | November 3, 2023 |
| Deadline for filing motions pursuant to Fed. R. Civ. P. 56 | December 1, 2023 |
| Hearing on Motions pursuant to Fed. R. Civ. P. 56 | TBD by Court |
| Final Pretrial Conference | TBD by Court |

**Thevar and NEER's Proposal**

Defendants propose that discovery be phased, pursuant to Local Rule 26.3, with jurisdictional discovery preceding fact discovery, and fact discovery commencing after the Court resolves NEER's personal jurisdiction challenge. The Court's order of September 30, 2022 sets out an expedited schedule for the resolution of the jurisdictional issue, with jurisdictional discovery to be completed by December 30, 2022, with briefing on personal jurisdiction to be completed by February 17, 2023. The Court did not order the Parties to commence fact discovery or to appear for an initial discovery conference. The pleadings will not be closed until jurisdiction is determined, and it is the pleadings that will frame the issues for discovery. In addition, jurisdiction will determine whether NEER is to participate as a party or non-party in

discovery, which impacts cost shifting. Finally, no party will be prejudiced by a short delay in starting discovery.

**Other Items**

The parties agree that the discovery event limitations set forth in Local Rule 26.1(c) shall apply. Should either party desire additional discovery, the parties shall confer and the party seeking the additional discovery shall file a motion with the Court in accordance with Local Rule 26.2. The parties further agree that written jurisdictional discovery conducted pursuant to this Court's September 30, 2022 Order (Dkt. No. 23) shall not count toward the discovery event limitations, but that no party shall be prevented from using said discovery in connection with non-jurisdictional aspects of this litigation.

    **b. Local Rule 16.1 Statement**

The parties will separately submit the required certifications pursuant to Local Rule 16.1(d)(3).

    **c. Consent to Trial by Magistrate Judge**

The parties do not consent to trial by magistrate judge.

    **d. Settlement Proposal**

Counsel for CDM Smith will present a written settlement proposal to Defendants no later than 14 days before the date for the scheduling conference pursuant to Local Rule 16.1(c).

    **e. Other Matters to be Discussed**

Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up, and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored

information, including, but not limited to, the form in which such data shall be produced, search terms, and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure, and management of electronically stored information (ESI):

   a. The parties will take all reasonable efforts to preserve proportional, relevant, and responsive ESI and suspend any routine computer operations which may automatically delete such relevant and responsive ESI. The parties may continue routine computer operations critical to ongoing activities, including the automatic creation and deletion or overwriting of non-relevant, non-responsive information;

   b. The parties will produce ESI that is proportional, relevant, responsive, not privileged, and not inaccessible as governed by the applicable Federal Rules of Civil Procedure, and any other applicable laws or regulations;

   c. Defendants have received plaintiff's counsel's "Preferred Production Specs" set forth in the attached <u>Exhibit A</u>.

   d. Nothing herein obligates Defendants to produce documents or to produce documents in any particular format, if not so required under the Federal Rules of Civil Procedure or the Local Rules of this Court, or waives the right to seek cost-shifting.

Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other

non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information:

    a. The parties will take all reasonable efforts to preserve any unique, relevant, and responsive non-electronic discovery data ("Non-ESI"). To the extent an exact duplicate of Non-ESI is already preserved, the parties need not preserve such Non-ESI, provided, however, that Non-ESI is not an "exact duplicate" if it contains unique differences not found in other Non-ESI;

    b. The parties will produce Non-ESI that is proportional, relevant, responsive, not privileged, and not inaccessible as governed by the applicable Federal Rules of Civil Procedure.

    c. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

The inadvertent production of any privileged or otherwise protected information ("Inadvertent Production Material") shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege or work-product doctrine. If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is Inadvertent Production Material, the receiving party shall immediately take steps to (a) stop reading or inspecting the Inadvertent Production Material, (b) notify the producing party of the Inadvertent Production Material, (c) collect all copies (including summaries and excerpts) of the Inadvertent Production Material, (d) promptly return to the producing party or destroy the Inadvertent Production Material and all copies, and

(e) otherwise comport itself with the application provisions of the Rules of Professional Conduct. By complying with these obligations, the receiving party does not waive any right it has to challenge the assertion of privilege and request an order compelling production of the Inadvertent Production Material.  The producing party bears the burden of establishing the privileged nature of the Inadvertent Production Material.

Dated: November 21, 2022

| | |
|---|---|
| **PLAINTIFF,** <br> **CDM SMITH INC.,** <br><br> By its attorneys, <br><br> */s/John L. Cordani, Jr.* <br> John L. Cordani, Jr. (*admitted pro hac vice*) <br> Jcordani@rc.com <br> ROBINSON & COLE LLP <br> 280 Trumbull Street <br> Hartford, CT 06103 <br> Tel: (860) 275-8200 <br><br> Julianna M. Charpentier (BBO #703286) <br> jcharpentier@rc.com <br> Robinson & Cole LLP <br> One Boston Place, 25th Floor <br> Boston, MA 02108-4404 <br> (617) 557-5900 | **DEFENDANTS,** <br> **ELANGOVAN THEVAR and NEER TECHNOLOGIES INC.** <br><br> By their attorney, <br><br> */s/ Clark Freeman* <br> Clark Freeman (BBO #691986) <br> clark@solomoncramer.com <br> Solomon & Cramer LLP <br> 25 West 39th Street <br> 7th Floor <br> New York, NY 10018 <br> (212) 884-9102 |

# EXHIBIT A

# R+C Preferred Production Specs

We use Relativity as a document review platform and would like to receive data in the following format to most easily load to the software without the need to incur additional costs or time.

**Load File Formats**

Image Load File
      Image load files to be provided in Opticon .OPT format. This is a comma delimited file that has the following structure and fields;

PageID,VolumeID,ImageFilePath,DocumentBreak,BoxBreak,FolderBreak,PageCount

Sample Opticon .OPT file

```
SAMPLE00001,VOL001,.\VOL001\Images\IMG001\SAMPLE00001.TIF,Y,,,2
SAMPLE00002,VOL001,.\VOL001\Images\IMG001\SAMPLE00002.TIF,,,,
SAMPLE00003,VOL001,.\VOL001\Images\IMG001\SAMPLE00003.JPG,Y,,,3
SAMPLE00004,VOL001,.\VOL001\Images\IMG001\SAMPLE00004.JPG,,,,
SAMPLE00005,VOL001,.\VOL001\Images\IMG001\SAMPLE00005.JPG,,,,
SAMPLE00006,VOL001,.\VOL001\Images\IMG001\SAMPLE00006.TIF,Y,,,1
SAMPLE00007,VOL001,.\VOL001\Images\IMG001\SAMPLE00007.JPG,Y,,,3
SAMPLE00008,VOL001,.\VOL001\Images\IMG001\SAMPLE00008.JPG,,,,
SAMPLE00009,VOL001,.\VOL001\Images\IMG001\SAMPLE00009.JPG,,,,
SAMPLE00010,VOL001,.\VOL001\Images\IMG001\SAMPLE00010.TIF,Y,,,1
```

Metadata Load File
      Metadata to be provided in a Concordance .DAT file using the following delimiters;

| Value | Character | ASCII Number |
|---|---|---|
| Column | ¶ | 20 |
| Quote | þ | 254 |
| Newline | ® | 174 |
| Multi-Value | ; | 59 |
| Nested Value | \ | 92 |

Sample Concordance delimited .DAT file

```
þBates Begþ¶þBates Endþ¶þBates BegAttþ¶þBates EndAttþ¶þDate Modþ¶þDate Sentþ¶þDate Receivedþ
þSAMPLE0001þ¶þSAMPLE0002þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þþ¶þ2016/04/01þ¶þ2016/04/01þ
þSAMPLE0003þ¶þSAMPLE0005þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þ2016/01/01þ¶þþ¶þþ
þSAMPLE0006þ¶þSAMPLE0006þ¶þSAMPLE0001þ¶þSAMPLE0006þ¶þ2016/02/20þ¶þþ¶þþ
þSAMPLE0007þ¶þSAMPLE0009þ¶þSAMPLE0007þ¶þSAMPLE0009þ¶þþ¶þ2016/03/27þ¶þ2016/03/27þ
þSAMPLE0010þ¶þSAMPLE0010þ¶þSAMPLE0010þ¶þSAMPLE0010þ¶þþ¶þ2016/04/05þ¶þ2016/04/05þ
```

14747931-v1

**Metadata Fields**

The metadata fields define the data being provided between parties and are contained within the Concordance delimited .DAT file.

| Field Name | Sample Value | Field Description |
| --- | --- | --- |
| BegBates | SAMPLE00001 | Starting Bates number of document |
| EndBates | SAMPLE00004 | Ending Bates number of document |
| BegBatesAttach | SAMPLE00001 | Starting Bates number of first document in family |
| EndBatesAttach | SAMPLE00010 | Ending Bates number of last document in family |
| Email To | John Smith [Jsmith@Sample.com] | Email Recipients |
| Email From | John Smith [Jsmith@Sample.com] | Email Sender |
| Email CC | John Smith [Jsmith@Sample.com]; Jane Smith [JaneSmith@Sample.com] | Carbon copy recipients |
| Email BCC | John Smith [Jsmith@Sample.com] | Blind carbon copy recipients |
| Email Subject | RE: Inventory Request | Subject line of email |
| InternetMsgID | 412640CB-2298-4CF9-9353-E9BAEDD3EF49@Sample.com | Unique Internet Message ID value |
| AttachCount | 3 | Number of attachments in the family |
| Date/Time Sent | 3/16/2015 2:11 PM | Date and time email was sent |
| Date/Time Created | 1/1/2012 3:24 PM | Date and time document was created |
| Date/Time Last Modified | 4/5/2014 8:53 AM | Date and time document was last modified |
| Sort Date | 12/25/2020 11:00 PM | Date taken from Email Sent Date, Email Received Date, or Last Modified Date (in order of precedence) repeated for parent document and all children items to allow for date sorting |
| FileType | Outlook Message File | Description of the document from the Type metadata |
| DocExt | XLS | Document extension |
| File Name | Sample.PDF | Name of the native file as it existed originally |
| Author | Smith, John | Author of the document |
| MD5Hash | 7AF54AC349701890B54F9FDA35BEAE99 | MD5 Hash value that gets generated for the document |

| | | |
|---|---|---|
| Custodian | Smith, John | Original owner of the document |
| Duplicate Custodian | Smith, John; Smith, Jane; Johnson, David | List of multiple original owners of the document if deduplication used |
| Time Zone | GMT | Time zone that the data was processed in |
| PageCount | 5 | Number of pages for the images being provided for this record |
| ProdVolume | VOL001 | Name of the current production volume |
| NativeLink | .\VOL001\NATIVE001\SAMPLE00001.msg | Relative path to the native file being provided |
| TextLink | .\VOL001\TEXT001\SAMPLE00001.txt | Relative path to the extracted or OCR text of the native file |
| | | |

**File Formats**

Text Files

Extracted or OCR text to be provided as separate multipage .txt files per record and each file should be named after the beginning Bates number of the associated record. The link for these files will be provided in the .DAT metadata load file as the field TextLink and populated with a relative path to the associated text file for each record. These files should be stored in a separate folder titled TEXT and each folder should not exceed 500 files.

Native Files

Certain file types (Excel, database, audio or visual media, etc..) do not lend themselves to imaging and should be provided natively with a placeholder image associated with it that contains the Bates and any confidentiality. The link for these files will be provided in the .DAT metadata load file as the field NativeLink and populated with a relative path to the associated text file for each record. These files will be named after their Bates number and stored in a separate folder titled NATIVES and each folder should not exceed 500 files.

Image Files

Black and white image files should be provided as Group IV single page TIFF files named after the Bates number on each page. Color image files should be provided in JPEG format. These files will be stored in a separate folder titled IMAGES and each folder should not exceed 500 files.